IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TONJI WHITE,** | |
| **Plaintiff,** | |
| **v.** | **1:07-cv-01739-WSD** |
| **STATE OF GEORGIA;** | |
| **SONNY PERDUE, Governor of the State of Georgia;** | |
| **BILL HITCHENS, Commissioner of the Department of Public Safety, State of Georgia;** | |
| **CITY OF ATLANTA;** | |
| **SHIRLEY FRANKLIN, Mayor of the City of Atlanta;** | |
| **RICHARD PENNINGTON, Chief of the Atlanta Police Department;** | |
| **STUART KELLMAN;** | |
| **ROBERT MOODY; and** | |
| **JOHN DOES 1 THROUGH 5,** | |
| **Defendants.** | |

## OPINION AND ORDER

The matter is before the Court on the Motion to Stay [10] filed by

defendants the State of Georgia, Sonny Perdue, in his capacity as Governor of the

State of Georgia, Bill Hitchens, in his capacity as Commissioner of the Department

of Public Safety of the State of Georgia, and Robert Moody, individually and in his

capacity as a Georgia State Trooper (collectively, the "State Defendants"), on the

Motion to Stay [14] filed by the City of Atlanta, Shirley Franklin, in her capacity

as Mayor of the City of Atlanta, Richard Pennington, in his capacity as Chief of the

Atlanta Police Department, and Stuart Kellman, individually and in his capacity as

an officer in the Atlanta Police Department (collectively, the "City Defendants"),

on the Motion to Amend [18] filed by plaintiff Tonji White ("Plaintiff"), on the

State Defendants' Motion for Leave to File Sur-Reply [23], and on Plaintiff's Joint

Preliminary Report and Discovery Plan [26].

On July 25, 2007, Plaintiff filed the instant action alleging claims arising out

of her arrest on or about August 27, 2005.  Plaintiff alleges use of excessive force

in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and

state law claims for assault and battery, intentional infliction of emotional distress,

and negligence.  Plaintiff named as defendants various individuals, officers, and

elected officials of the State of Georgia and the City of Atlanta.

On September 5, 2007, the State Defendants moved to dismiss each of the

claims against them for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  The

State Defendants argue that Plaintiff's claims against them in their official

capacities are all claims against the State of Georgia and that the Eleventh

Amendment to the U.S. Constitution bars private suits in federal court against a State without the State's consent.  On the same day, the State Defendants also moved to stay discovery in this action, pending a ruling on their Motion to Dismiss.  Plaintiff has not filed a brief in opposition to the State Defendants' Motion to Stay.

On September 14, 2007, the City Defendants moved to dismiss the claims against them for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6).  The City Defendants also moved to stay discovery in this action.  Plaintiff has not filed a brief in opposition to the City Defendants' Motion to Stay.

On October 16, 2007, Plaintiff filed a Joint Preliminary Report and Discovery Plan.  Among other things, Plaintiff indicated her agreement to the dismissal of the State of Georgia, Governor Sonny Perdue, Commissioner Bill Hitchens, and Robert Moody, in his official capacity, as defendants.  Plaintiff continues to assert claims against defendant Moody in his individual capacity.

The Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule "for the convenience of parties and witnesses and in the interests of justice."  Fed. R. Civ. P. 26(d), accord 26(b)(2)(C).  The Court's Local

Rules grant similar discretion.  LR 26.2(B), NDGa; see also Clinton v. Jones, 520

U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings

as an incident to its power to control its own docket."); 8 Charles Alan Wright,

Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2008

(2007) ("The court may wish to issue a protective order postponing discovery on a

particular subject until legal attacks on the sufficiency of the matter have been

determined . . . .").

  In this case, the City Defendants and the State Defendants have raised issues

of constitutional and sovereign immunity as to all claims asserted against them.

Resolution of the pending motions to dismiss may extinguish some or all of the

claims against each defendant, potentially restricting the scope of discovery

significantly.  In the interest of efficient discovery, and in the interest of protecting

sovereign entities from the burdens of discovery which may be unnecessary, the

Court agrees that a stay is appropriate.  Since Plaintiff has not filed a brief in

opposition to either motion for stay, the Court deems those motions unopposed.

LR 7.1(B), NDGa.

The Court therefore grants the Motions to Stay filed by the State Defendants [10] and by the City Defendants [14], except that the stay shall not apply to motions and pleadings specifically permitted by this Order.

Plaintiff also moves for leave to amend her Complaint. The City Defendants have answered Plaintiff's original Complaint; therefore, Plaintiff cannot amend as of right. Federal Rule 15 instructs the Court that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The only substantive amendment to Plaintiff's proposed Amended Complaint is the inclusion of allegations related to, and the attachment of copies of, ante-litem notices allegedly required by O.C.G.A. § 50-21-26(a)(3) and (a)(4). The State Defendants filed a response to Plaintiff's Motion to Amend [20], expressing no objection to the amendment. The City Defendants have not responded to Plaintiff's Motion to Amend.

The Court finds it in the interest of justice to grant Plaintiff's Motion to Amend. Plaintiff's proposed amendment directly rebuts some of the contentions made by the State Defendants in their motion to dismiss, and plaintiffs should normally be given leave to amend once to correct any deficiencies before the Court considers a motion to dismiss. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th

Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation marks omitted).  The Court agrees to allow Plaintiff's Motion to Amend [18] and directs the Clerk of Court to docket Plaintiff's proposed Amended Complaint as the operative Complaint in this action.

The State Defendants also move to file a sur-reply brief in support of their Motion to Dismiss.  The State Defendants seek to file a sur-reply to rebut new allegations made by Plaintiff in her sur-reply to the State Defendants' reply in support of their Motion to Dismiss.  Neither the Federal Rules nor the Court's Local Rules allow sur-reply briefs as a matter of right.  See LR 7.1(C), NDGa.  The Court normally does not permit sur-replies.  However, "the Court may in its discretion permit the filing of a surreply . . . where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

The Court grants the State Defendants' Motion for Leave to File Sur-Reply in this case so that the State Defendants can rebut new allegations made by the

Plaintiff in her Sur-Reply.  Except as explained below, no further briefing is permitted regarding the State Defendants' Motion to Dismiss [9].

In view of Plaintiff's willingness to dismiss as defendants the State of Georgia, Sonny Perdue, in his capacity as Governor of the State of Georgia, Bill Hitchens, in his capacity as Commissioner of the Department of Public Safety of the State of Georgia, and Robert Moody, in his official capacity as a Georgia State Trooper as reflected in the Joint Preliminary Report and Discovery Plan filed by the parties, [26] at 9; see also Pls.' Resp. to State Defs.' Mot. to Dismiss [16] at 5-6, the Court dismisses the above-referenced defendants from this action. Plaintiff's claims against defendant Moody in his individual capacity remain, pending a decision by this Court on the State Defendants' Motion to Dismiss.

Finally, the Parties will be given the opportunity to amend their prior briefing on the pending motions to dismiss.  The State Defendants have already indicated that they do not wish to amend their briefing and that their Motion to Dismiss and all briefing attendant thereto are fully applicable to Plaintiff's Amended Complaint.  Response to Motion to Amend [20] at 2.  The Court grants Plaintiff and the City Defendants **ten days** from the date of this order in which to file any amendments to their briefing on the pending Motions to Dismiss [9, 13].

-7-

After the expiration of ten days, the Court will consider the Motions to Dismiss fully-briefed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the State Defendants' Motion to Stay [10] and the City Defendants' Motion to Stay [14] are **GRANTED**, provided, however, that the stay does not apply to pleadings and motions specifically permitted by this Order.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend [18] is **GRANTED**.  The Clerk of Court is directed to docket Plaintiff's proposed Amended Complaint attached to Docket No. 18 as the Complaint in this action.

**IT IS HEREBY ORDERED** that the State Defendants' Motion for Leave to File Sur-Reply [23] is **GRANTED**.

**IT IS HEREBY ORDERED** that defendants the State of Georgia, Sonny Perdue, in his capacity as Governor of the State of Georgia, Bill Hitchens, in his capacity as Commissioner of the Department of Public Safety of the State of Georgia, and Robert Moody, in his capacity as a Georgia State Trooper, are **DISMISSED** from this action.  Plaintiff's claims against defendant Moody in his

individual capacity remain, pending a decision by this Court on the State

Defendants' Motion to Dismiss.

**IT IS HEREBY ORDERED** that the Parties shall have **TEN (10) DAYS** in

which to amend their briefing on the pending Motions to Dismiss [9, 13]. After the

expiration of ten days, the Court will consider the Motions to Dismiss fully briefed

and will issue decisions accordingly.

**SO ORDERED** this 25th day of October 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE